DANIEL LITTLE *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—531.]

**Law of Self-defense.**

If one is assaulted with deadly weapons in such manner as reasonably appears to endanger his life or to inflict on him great bodily harm, he is not bound to retreat but may lawfully defend himself by using such means as are necessary or reasonably appear to be necessary to protect himself against the assailant, where he did not first assault the deceased nor bring on the difficulty.

APPEAL FROM BREATHITT CIRCUIT COURT.

January 16, 1886.

OPINION BY JUDGE LEWIS:

Appellant, having been tried and convicted of the crime of manslaughter, has appealed to this court, relying on various grounds for reversal which we will consider in the order presented.

The first instruction complained of relates to murder, and need not be considered. We think the appellant was not prejudiced by the insertion in the second instruction of the words "and from which there was no other apparent safe means of escape," espe-

cially as in the third instruction the jury was told that the defendant "was not bound to retreat but might lawfully defend himself by the use of such means as were necessary or reasonably appeared to be necessary and no more." It is also contended that the use of the words "and no more" at the end of the sentence just quoted was improper.

We must always assume that a jury selected to try a person charged with felony has intelligence sufficient to comprehend the meaning of instructions that are written in plain language. We are unable to see how a person of ordinary capacity could understand the words "and no more" in any other way than as simply indicating that the limit fixed should not be enlarged nor exceeded. It was proper to tell the jury that if the defendant was assaulted by the deceased with deadly weapons in such manner as it reasonably appeared to endanger his, the defendant's life, or to inflict on him great bodily harm, then he was not bound to retreat but might lawfully defend himself by the use of such means as were necessary or reasonably appeared to be necessary. This was done. The jury were distinctly told and we must presume understood that in the case stated the defendant had the lawful right to use such means as therein described, and no more. The words complained of may have been superfluous, but they could not have been understood as qualifying or impairing the right of the defendant in the case to use the means necessary or apparently necessary for his self-defense.

In our opinion it is never improper to clearly and distinctly define the limit beyond which a person may not lawfully go in taking the life of another. The following words at the end of the third instruction are objected to, to-wit: "That if the jury believe from the evidence beyond a reasonable doubt that the defendant brought on the conflict in which Gabbard was killed and assaulted the deceased with a deadly weapon, or attacked the deceased at his residence, then they can not acquit him on the grounds of self-defense or apparent necessity.

The evidence shows undoubtedly that when the affray between the defendant and the deceased commenced there was no cessation or attempt on the part of the defendant to abandon the conflict. On the contrary not only was a man who seized the defendant unable to stop his advance toward the deceased, but the mother of the lat-

ter was unable to restrain him, her appeal to the ·defendant, who was her son-in-law, not to kill her child being answered by him in the words, "By God, I will kill him or die." The evidence shows that the place where the deceased was shot and fell and to which the defendant advanced was beyond the place where the deceased was when the altercation began, he retreating or being forced back by others as the defendant advanced.

The words "attacked the deceased at his residence" we think could not have been understood by the jury as having a different meaning from the words "brought on the conflict," or "assaulted the deceased." If he did bring on the conflict, or assault the deceased, which was for the jury to determine, it was not material whether done at his residence or elsewehere; he could not be excused upon the ground of self-defense as he never ceased nor desisted until the deceased was killed.

The evidence shows that both the defendant and the deceased fired pistol shots during the conflict, and there is evidence the defendant received a flesh wound. But we are satisfied that the instructions could not have been understood by the jury as depriving the defendant of the right of self-defense as defined in the first part of instruction No. 3. As to the latter part, the jury was fully authorized to acquit upon the grounds of self-defense and apparent necessity, if in their opinion the defendant did not first assault the deceased or bring on the difficulty.

Before the arrival of the deceased on the ground his father had been stricken and shot at on his own premises by the defendant, his own son-in-law; and while the language and conduct of the deceased upon his arrival indicated a readiness to resent the injury done his father, there was no assault or force used until the defendant advanced to the place where the homicide occurred. Whether the killing was done in necessary or apparently necessary self-defense we think the jury was fully authorized under the instructions to determine.

The judge trying a case of necessity must. have discretion in respect to the conduct of attorneys engaged in the trial of a case, and this court should not reverse for misconduct of attorneys tolerated by the presiding judge, unless satisfied the defendant has thereby been deprived of a fair and impartial trial. Most of the remarks of the attorneys for the prosecution objected to were made argu-

mentatively, and, while in some respects objectionable, do not amount to a sufficient reason for a reversal, especially when there is no reason to suppose the jury was unduly influenced thereby.

The reference of one of the attorneys to the supposed connection of the defendant with another homicide was not objected to at the time and therefore can not be conceded on this appeal.

As in our opinion the defendant was not prejudiced by any of the supposed errors, the judgment is *affirmed*.

*John E. Cooper, for appellant.*

*P. W. Hardin, for appellee.*